UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00585-FDW-DCK

| | |
|---|---|
| SHON ASHBY, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) ) ORDER |
| U.S. DEPARTMENT OF STATE, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS), and REX TILLERSON,[1] | ) ) ) ) ) |
|     Defendants. | ) |

THIS MATTER is before the Court on Defendants' Motion to Dismiss (Doc. No. 23) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Because Plaintiff is appearing *pro se*, the Court entered a Roseboro notice. (Doc. No. 24). Plaintiff filed a Response (Doc. No. 25), Defendants filed a Reply (Doc. No. 28), and the matter is now ripe for review.[2] For the reasons that follow, the Court GRANTS Defendants' Motion to Dismiss.

**I.      Background**

Plaintiff filed this action against the U.S. Department of State, U.S. Citizenship and Immigration Services, and the Secretary of State (collectively, "Defendants"), alleging various constitutional violations. Plaintiff alleges that a consular office in Bogota, Columbia denied a nonimmigrant tourist visa to Plaintiff's "friend/religious partner," Jhonier Alonso Rojas Herrera ("Jhonier"), because Jhonier did not overcome the "presumption of immigrant intent." Though

---

[1] On February 1, 2017, Rex Tillerson assumed duties as Secretary of State, automatically substituting for John F. Kerry as a party in accordance with Fed. R. Civ. P. 25(d).
[2] Plaintiff also filed a surreply (Doc. No. 29) even though the Court had previously denied his request to do so (Doc. No. 27). The Court notes that nothing in Plaintiff's surreply would alter the Court's decision on this matter.

not entirely clear, it appears as though Plaintiff sought to sponsor Jhonier's visit to the United States in order to promote Plaintiff's religious beliefs in other countries. Plaintiff claims that in denying Jhonier's visa, the consular office subjected Jhonier's visa application to "diverse scrutiny" as opposed to "objective scrutiny," which "placed a substantial burden upon the Plaintiff's fundamental liberties, of practicing/exercising his religion with non-immigrants, while affording a broader protection of those same fundamental liberties to other American citizens."[3] (Doc. No. 7, ¶ 24). Ultimately, Plaintiff appears to blame Defendants, and the Secretary of State in particular, for depriving Plaintiff of various constitutional rights by instructing consular officers abroad to review visa applications like Jhonier's in an indifferent and reckless manner. Plaintiff seeks an order requiring that Defendants issue Jhonier a visa or an injunction prohibiting the denial of his entry into the country. Alternatively, Plaintiff asks that this Court "command the Defendants, to remove ALL non-immigrants from the United States" who do not qualify for a visa. (Doc. No. 7, ¶ 30).

Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) arguing: (1) Plaintiff's Amended Complaint is deficient under basic pleading requirements; (2) the doctrine of consular nonreviewability precludes judicial review of Jhonier's visa denial; and (3) regardless, the denial of Jhonier's visa satisfies the Court's "facially legitimate and bona fide" standard of review.

## II. Standard of Review

Plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The

---

[3] Plaintiff believes that Defendants have granted nonimmigrant visas to employees and students attending for profit, religious institutions because the government financially benefits from those visas, and as a result, Defendants' policies allow American religious institutions to "enjoy a greater financial benefit and a greater benefit in practicing religion with non-immigrants, while denying the plaintiff the same." (Doc. No. 29).

2

existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Likewise, a complaint that is "complex and fails to state a claim clearly enough for defendants to know how to defend themselves" fails to comply with Fed. R. Civ. P. 8(a)(2). North Carolina v. McGuirt, 114 Fed. Appx. 555, 558 (4th Cir. 2004).

### III.     Analysis

As a threshold matter, Plaintiff's Amended Complaint is deficient because, on its face, it lacks coherency and fails to articulate a cognizable claim. An alien residing outside of the United States applying for a tourist visa is presumed to be an intending immigrant until he establishes to the consular officer's satisfaction that he is a *non*immigrant. See 8 U.S.C. § 1184(b). Applicants bear the burden of establishing to the satisfaction of the consular officer not only that they have a

3

residence abroad which they have no intention of abandoning, but also that they intend to visit the United States *temporarily* for the purposes of business or pleasure. See 8 U.S.C. §§ 1101(a)(15)(B), 1361; 22 C.F.R. 41.11(a). Here, Plaintiff's allegations contain a series of amorphous statements that lack specificity and factual context. While he seems to allege that the denial of Jhonier's visa caused him to suffer a variety of constitutional violations concerning his rights to due process, equal protection, and free exercise of religion, he fails to allege any facts that tend to show how Defendants acted wrongfully in denying Jhonier's visa, other than vague statements concerning former Secretary of State John Kerry's failure to properly instruct consular officers. Because Plaintiff's vague statements do not articulate any claim for relief that is plausible on its face, the Court must dismiss his complaint for failure to state a claim and failure to comply with Fed. R. Civ. P. 8(a)(2).

Even if Plaintiff's Complaint stated a cognizable claim for relief, he has failed to establish, and indeed cannot establish, that this Court has subject matter jurisdiction to decide how the Secretary of State should instruct consular officers to adjudicate visa applications. Section 1104 of the Immigration and Nationality Act ("INA") charges the Secretary of State "with the administration and the enforcement of . . . immigration and nationality laws relating to . . . the powers, duties, and functions of diplomatic and consular officers of the United States, *except those powers, duties, and functions conferred upon the consular officers relating to the granting or refusal of visas*." 8 U.S.C. § 1104(a)(1) (emphasis added). "Congress specifically excepted the exercise of [the authority to issue or withhold visas] from review by the Secretary of State." Li Hing of Hong Kong, Inc. v. Levin, 800 F.2d 970, 971 (9th Cir. 1986). Because the Secretary of State is not responsible for the enforcement of consular officers' duties related to issuing visas,

Plaintiff cannot establish that the Court has jurisdiction over his claim against Defendants for failure to properly instruct consular officers.

Likewise, to the extent Plaintiff challenges the consul's denial of Jhonier's visa, the doctrine of consular nonreviewability precludes judicial review of his claim.[4] "The doctrine of nonreviewability of a consul's decision to grant or deny a visa stems from the Supreme Court's confirming that the legislative power of Congress over the admission of aliens is virtually complete." Id.; see, e.g., Kleindienst v. Mandel, 408 U.S. 753, 765 (1972) (recognizing that the power to exclude aliens is "a power to be exercised exclusively by the political branches of government"). The Supreme Court has "consistently held that the consular officer's decision to issue or withhold a visa is not subject either to administrative or judicial review." Li Hing of Hong Kong, Inc., 800 F.2d at 971. Plaintiff's challenge to a decision made by the consular office regarding Jhonier's visa application goes to the heart of what is insulated from judicial review by the doctrine of consular nonreviewability.

Moreover, Plaintiff is not entitled to any limited judicial review in this case because he has no constitutional interest in the denial of Jhonier's visa. Despite Plaintiff's unsubstantiated claim that his Fifth Amendment rights are somehow affected by the denial, there is no deeply rooted history in this country of recognizing a liberty interest in having one's friend or religious partner visit the United States. On the contrary, the Supreme Court has recognized that even family members of United States citizens may be denied admission to the country in Congress's complete discretion. See, e.g., Kerry v. Din, 135 S. Ct. 2128, 2138 (2015) (concluding that a United States

---

[4] In his response and surreply, Plaintiff is emphatic that he is *not* seeking review of the consul's denial of Jhonier's visa but instead that his claim revolves around the Secretary of State's improper instructions to consular officers regarding their duties in connection with visa applications and the "adjudication of immigrant intent, by and through, diverse scrutiny."

citizen lacks a cognizable constitutional right in the denial of a spouse's visa that justifies limited judicial review of the denial).

Even assuming Plaintiff could demonstrate the requisite constitutional interest and that a limited judicial review is actually available in the case of a temporary nonimmigrant visa, which Plaintiff has not plausibly alleged, the basis for denial of Jhonier's visa application satisfies the "facially legitimate and bona fide" standard that would apply. "[A]n executive officer's decision denying a visa that burdens a citizen's own constitutional rights is valid when it is made 'on the basis of a facially legitimate and bona fide reason.'" Id. at 2140 (Kennedy, J., concurring) (quoting Mandel, 408 U.S. at 770)). A visa denial justified by a citation to a valid statutory basis for the denial is enough to qualify it as a facially legitimate justification. Id. at 2141. Once the government has made a showing of facial legitimacy, the United States citizen whose constitutional rights have been affected must make "an affirmative showing of bad faith on the part of the consular officer" that is "plausibly alleged with sufficient particularity." Id.

Here, the decision to deny Jhonier's visa easily qualifies as facially legitimate because it is based on Section 1184(b) of the INA, which renders Jhonier's application ineligible unless he can establish eligibility and overcome the presumption of immigrant intent. Plaintiff's bare claims that Jhonier's visa was denied in an "indifferent and reckless manner" and his repeated allegation that the denial was based on "diverse scrutiny" falls short of the requirement that he plausibly allege bad faith with sufficient particularity. Accordingly, this Court may not "look behind" the consular officer's denial. Id.

## IV.    Conclusion

IT IS, THEREFORE, ORDERED that Defendants' Motion to Dismiss (Doc. No. 23) is GRANTED and that Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Signed: April 12, 2017

Frank D. Whitney
Chief United States District Judge